UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES BERNARD PAUL GEITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:02CV01114 ERW |
| | ) |
| GENE OVERALL, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court upon Defendants Gene Overall and Joan Gilmer's Motion to Dismiss [doc. #40]. The Court is also in receipt of Plaintiff's Response to Defendants Gene Overall and Joan Gilmer's Motion to Dismiss [doc. #52].

**I.      BACKGROUND FACTS**[1]

Plaintiff is currently incarcerated at the Moberly Correctional Center.[2] In September 1997, the Missouri Court of Appeals for the Eastern District remanded Plaintiff's appeal from the denial of his motion for post-conviction relief to the St. Louis County Circuit Court for a determination of whether Plaintiff was indigent and qualified for the appoint of counsel on appeal. Defendant Overall, a St. Louis County Circuit Clerk, sent Plaintiff a questionnaire to fill out and return. Plaintiff subsequently wrote Defendant Overall a letter inquiring about how to fill out the questionnaire.

---

[1] Since this motion to dismiss was filed just by Defendants Overall and Gilmer, the Court will only include facts relating to these two defendants in its recitation.

[2] In considering a motion to dismiss, the Court takes all allegations in the complaint as true and views the facts most favorably to the non-moving party. <u>Wisdom v. First Midwest Bank</u>, 167 F.3d 402, 405 (8th Cir. 1999).

1

Plaintiff alleges that Defendant Overall never responded to his letter. On November 20, 1997, Plaintiff submitted the following documents to the Circuit Clerk's office: (1) a certified copy of his inmate trust account record for the prior six months, as well as a motion to proceed informa pauperis; (2) a motion to withdraw his guilty plea; (3) a motion to reopen his case; and (4) a civil complaint against his trial attorney. Plaintiff asserts that Defendant Overall did not respond to his filing of these documents.

On December 12, 1997, a hearing was held in the St. Louis County Circuit Court to determine whether Plaintiff was indigent for the purposes of his appeal. Plaintiff states that he did not receive notice of this hearing. After the hearing, the circuit court entered an order finding that Plaintiff was not indigent. The court noted in its order that while the circuit clerk contacted Plaintiff several times, he failed to respond. Plaintiff filed a motion for reconsideration, providing evidence that he did respond to the circuit clerk; however, the court denied his motion for reconsideration. Plaintiff says that Defendant Overall did not provide him with notice of the denial of his motion for reconsideration.

Thereafter, the Missouri Court of Appeals denied Plaintiff's request for appointment of counsel for his appeal, and ordered him to file an appellate brief. On January 6, 1998, Plaintiff notified Defendant Overall that his trial attorney had failed to properly prepare the legal file for his appeal and he could not prepare his pro se brief without certain documents. Plaintiff asked Defendant Overall to provide him with copies of those documents so he could prepare his appellate brief. Plaintiff alleges that Defendant Overall did not answer his request. The Missouri Court of Appeals ultimately dismissed Plaintiff's appeal for failing to file an appellate brief.

Plaintiff also asserts that during this time, he repeatedly sent Defendant Overall inquiries regarding the documents he had mailed to the circuit clerk's office on November 20, 1997, but

Defendant Overall never sent him a response. As a result, Plaintiff states that he resent all of the documents on February 3, 1998.

Four years later, Plaintiff alleges that he contacted a judge in St. Louis County concerning the problems he had encountered with Defendant Overall. The judge's "agent" sent Plaintiff a letter informing him that none of the documents Plaintiff said he sent on November 20, 1997, and February 3, 1998, were on file, and any fault regarding the absence of those documents rested with Plaintiff. After receiving the judge's letter, Plaintiff resubmitted the motion to withdraw his guilty plea, the motion to reopen his case, and the motion for appointment of counsel. The judge denied all of Plaintiff's motions.

Plaintiff filed a notice of appeal from the decision of the St. Louis County judge. Defendant Gilmer, a St. Louis County Circuit Clerk, was "ordered" to prepare the record on appeal. Plaintiff alleges that the record prepared by Defendant Gilmer did not include the documents he sent on November 20, 1997, and February 3, 1998. Thus, Plaintiff filed a motion for contempt of court against Defendant Gilmer. The motion was denied for lack of jurisdiction; however, Defendant Gilmer was "ordered" to prepare all other documents up to the present time. When the new record did not contain the documents Plaintiff sent on November 20, 1997, and February 3, 1998, Plaintiff filed a second motion for contempt of court against Defendant Gilmer. Plaintiff avers that the second motion was again denied for lack of jurisdiction, as well as his motion for reconsideration.

On August 29, 2002, Plaintiff filed this action pro se. On that same date, this Court dismissed Plaintiff's complaint prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[3] On April

---

[3] 28 U.S.C. § 1915(e)(2)(B) provides:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

11, 2003, the Eighth Circuit Court of Appeals affirmed this Court's dismissal of several defendants, but reversed this Court's judgment against several other defendants, including Defendants Overall and Gilmer. On May 13, 2003, this Court granted Plaintiff leave to file an amended complaint, which he did on June 4, 2003. Plaintiff brought his amended complaint under 42 U.S.C. § 1983, § 1985, and § 1988 "for redress of the deprivation of his civil rights." In his amended complaint, he claims, *inter alia*, that Defendants Overall and Gilmer violated his civil rights by denying him access to the courts[4].

## II.   MOTION TO DISMISS STANDARD

The standards governing motions to dismiss are well settled. A complaint shall not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff cannot prove any set of facts . . . that would entitle [the plaintiff] to relief." Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citing Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993)). In considering a motion to dismiss, the Court takes all allegations in the complaint as true and views the facts most favorably to the non-moving party. Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 405 (8th Cir. 1999).

A plaintiff is only required to set forth sufficient facts to provide notice of the basis for the claims alleged, and a complaint filed by a party proceeding pro se is liberally construed. Fed. R. Civ. P. 8; Crooks v. Nix, 872 F.2d 800, 801 (8th Cir. 1989). The complaint "'should not be dismissed

---

    (B) the action or appeal–
        i. is frivolous or malicious;
        ii. fails to state a claim on which relief may be granted; or
        iii. seeks monetary relief against a defendant who is immune from such relief.

[4] The Court granted Plaintiff's motion for appointment of counsel on July 31, 2003.

merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations.'" Krentz v. Robertson, 228 F.3d 897, 905 (8th Cir. 2000) (quoting Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997)). Thus, as a practical matter, "'a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief.'" Stone Motor Co. v. General Motors Corp., 293 F.3d 456, 465 (8th Cir. 2002) (quoting Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 964 (8th Cir. 1999)).

The Court generally may not consider material not contained in the pleadings in determining whether a motion to dismiss should be granted. Any "'written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings'" constitutes matters outside the pleadings. Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999) (quoting Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992)). "When matters outside the pleadings are presented on a motion to dismiss, a court may either treat the motion as one to dismiss and exclude the matters outside the pleadings, or treat the motion as one for summary judgment and provide the parties with notice and an opportunity to provide further materials." Horseshoe Entm't v. Gen. Elec. Capital Corp., 990 F. Supp. 737, 739-40 (E.D. Mo. 1997); see also Trimble v. Asarco, Inc., 232 F.3d 946, 955 (8th Cir. 2000) (stating that a Rule 12(b)(6) motion should be converted to a summary judgment motion if the matters are not excluded).

## III. DISCUSSION

In the instant motion to dismiss, Defendants Overall and Gilmer assert that Plaintiff has not stated a cause of action against either of them because: (1) "the alleged violations of [Plaintiff's] constitutional rights are barred by collateral estoppel or issue preclusion;" and (2) they are both

"entitled to judicial immunity for the acts alleged in Plaintiff's Amended Complaint." Consequently, they argue that Plaintiff's claims against them should be dismissed. In contrast, Plaintiff says that his claims against Defendants Overall and Gilmer have not previously been presented before any court and "Defendants' contention that they are absolutely immune from [Plaintiff's] allegations is barred by the law of the case." Thus, Plaintiff maintains that Defendants' Motion to Dismiss should be denied.

      **A.**      **Collateral Estoppel or Issue Preclusion**

Defendants first argue that Plaintiff's claims against them should be dismissed under the doctrine of issue preclusion or collateral estoppel because all of the claims raised by Plaintiff in his amended complaint have already been litigated in the Missouri state courts. Under the doctrine of issue preclusion, or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 499 U.S. 90, 94 (1980). The purpose behind issue preclusion is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Id. However, issue preclusion applies "[o]nly when a party has previously had such a full and fair opportunity to litigate that issue[.]" Simmons v. O'Brien, 77 F.3d 1093, 1095-96 (8th Cir. 1996).

Issue preclusion "extends not only to antecedent decisions of federal courts, but to those of state courts as well." Id. at 1096. The federal court looks at the state's law on issue preclusion when determining "the preclusive effect" to give the state court's decision. Id. Under Missouri law, issue preclusion applies when:

(1) the issue in the present action is identical to the issue decided in the prior

adjudication;

(2) the prior adjudication resulted in judgment on the merits;

(3) the party against whom issue preclusion is asserted was a party or is in privity with a party to the prior adjudication; and

(4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

Id. (citing State ex rel. Haley v. Groose, 873 S.W.2d 221, 223 (Mo. banc 1994)).

In his amended complaint, Plaintiff claims that Defendant Overall violated his constitutional rights by denying him access to the courts in that Defendant Overall failed to notify him of court orders, failed to respond to his inquiries, and failed to file the documents Plaintiff sent to him on November 20, 1997, and February 3, 1998. While it is apparent from Plaintiff's amended complaint that he brought several actions in the state courts during the time in which it is alleged Defendant Overall committed the acts of which Plaintiff now complains, there is no indication that he brought any actions against Defendant Overall or raised any claims against Defendant Overall in his state court actions. While Plaintiff alleges that he "alerted the Presiding Judge of St. Louis County of the problems concerning the circuit clerk failing to record documents," Plaintiff does not say that he filed a claim against Defendant Overall in the St. Louis County judge's court. As such, the Court finds that Defendant Overall has not established any of the elements required for issue preclusion under Missouri law, and Plaintiff's claims against him should not be dismissed on the basis of issue preclusion.

As to Defendant Gilmer, Plaintiff avers in his amended complaint that she violated his constitutional rights by denying him access to the courts in that she failed to include the documents Plaintiff sent on November 20, 1997, and February 3, 1998, in the record on appeal. Defendant

7

Gilmer seems to argue that this claim should be barred by issue preclusion because Plaintiff previously filed two motions for contempt of court against her in the state court, both of which were denied. However, Plaintiff alleges in his amended complaint that both of his motions for contempt of court against Defendant Gilmer were denied for lack of jurisdiction. There is no indication from the amended complaint that the courts ruling on the motions for contempt addressed the merits of the motions. Thus, the Court finds that Defendant Gilmer has not shown the second element of issue preclusion, *i.e.*, that the prior claim was adjudicated on the merits, and Plaintiff's claims against her are not barred by issue preclusion.

    **B.**    **Judicial Immunity**

Defendants next assert that all of Plaintiff's claims against them should be dismissed because they "are entitled to judicial immunity for the actions performed in their position of Circuit Clerk for St. Louis County." However, as pointed out by Plaintiff, this issue has already been decided in this case by the Eighth Circuit. In reversing this Court's original dismissal of Plaintiff's claims against Defendants Overall and Gilmer, the Eighth Circuit held:

> Clerks are absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge or according to court rule. See Antoine, 508 U.S. at 436[5] (when judicial immunity is extended to officials other than judges, it is because they also exercise discretionary judgment as part of their function); Martin, 127 F.3d at 721[6] (judge's absolute immunity extends to public officials who act under court order or at judge's direction); Robinson v. Freeze, 15 F.3d 107, 108-09 (8th Cir. 1994) (determination of bailiff's immunity turned on whether bailiff was performing tasks delegated by judge or was exercising discretionary judgment).
>
> Geitz alleged that the clerks intentionally failed to file his submissions, to notify him of court orders, and to respond to his inquiries – actions which arguably

---

[5] Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993).

[6] Martin v. Hendren, 127 F.3d 720 (8th Cir. 1997).

8

> are ministerial, not discretionary – and he did not allege that the clerks were acting pursuant to court rules or instructions. Viewing the complaint in the light most favorable to Geitz, see Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (applying Fed. R. Civ. P. 12(b)(6) standard of review to § 1915(e)(2)(B) dismissal), we conclude that the clerks were not absolutely immune, and the complaint stated a claim against them.

Geitz v. Overall, et al., No. 02-3982 at 3 (8th Cir. April 11, 2003). The Eighth Circuit's decision that Plaintiff's claims against Defendants Overall and Gilmer should not be dismissed on the grounds of judicial immunity is the law of the case. "'The law of the case doctrine prevents relitigation of a settled issue in a case and requires that courts follow decisions made in earlier proceedings to insure uniformity of decisions, protect the expectations of the parties and promote judicial economy.'" In re Just Brakes Corporate Sys., Inc., 293 F.3d 1069, 1072 (8th Cir. 2002) (quoting Klein v. Arkoma Prod. Co., 73 F.3d 779, 784 (8th Cir. 1996)). Hence, this issue may not be relitigated in Defendants Overall and Gilmer's present motion to dismiss.[7]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Gene Overall and Joan Gilmer's Motion to Dismiss [doc. #40] is **DENIED**.

Dated this 12th day of November, 2003.

_E. Richard Webber_

———————————————
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[7] In their reply brief, Defendants assert that the Eighth Circuit's decision on the issue of judicial immunity should not prevent them from relitigating the issue because "[w]hile the United States Court of Appeals ruled judicial immunity did not apply, it was in response to the actions of the Federal District Court, Defendants Overall and Gilmer were not parties to that appeal." However, Defendants Overall and Gilmer were listed as "appellees" in that case.