IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES BERNARD PAUL GEITZ,

    Plaintiff,

vs.

GENE OVERALL et al,

    Defendants.

Cause No. 4:02-CV-1114 ERW

### MEMORANDUM IN SUPPORT OF

### DEFENDANT GENE OVERALL'S MOTION FOR SUMMARY JUDGMENT

Plaintiff James Bernard Paul Geitz has filed a six-claim Amended Complaint through 42 U.S.C. §1983  In the Amended Complaint, Plaintiff Geitz alleged "conduct by defendants was by acting alone and/or in concert with one another to intentionally deprive plaintiff who was proceeding PRO SE of his constitutional and meaningful right of access to the courts and due process of law; his rights under the 1st, 5th, 8th, and 14th amendments of the United States Constitution, and Article I, sections 8, 10, and 14 of the Missouri Constitution ." (Plaintiff Geitz's Amended Complaint, Claim 6, Page 9).  More specifically, Plaintiff Geitz alleged that he was denied access to court and the right to appeal his criminal convictions by the Defendants failure to file his submissions, to notify him of court orders affecting him, and to respond to or redress his inquiries and requests for relief from the court staff's alleged inaction.  Plaintiff Geitz's Amended Complaint contains no genuine issues of material fact.  Therefore, Defendant Gene Overall is entitled to judgment as a matter of law

**I.    STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

    A statement of uncontroverted facts is attached to this memorandum.

## II.     LAW ON SUMMARY JUDGMENT

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). Summary judgment is not disfavored under the law, but is an integral part of the Federal Rules' purpose to "secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

To prevail on a motion for summary judgment, the moving party has the initial burden of proof to set forth the basis of his motion. Id. at 477 U.S. 323. The moving party can satisfy this burden by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, which together demonstrate the absence of genuine issue of material fact. Id. However, on issues where the non-moving party bears the ultimate burden of proof at trial, the moving party is not obligated to produce affidavits to negate the existence of a material fact. Id. at 477 U.S. 324. On those issues, a summary judgment motion may rely solely on the pleadings, depositions, answers to interrogatories and admissions on file. Id.

Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the non-moving party to set forth facts showing there is a genuine issue for trial by going "beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id.

The Court decision on the motion for summary judgment must view all the facts and all the inferences derived from the facts in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

However, where the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, the Court shall render the judgment sought forthwith. Federal Rule of Civil Procedure 56(c).

### ESSENTIAL ELEMENTS OF ACTION UNDER 42 U.S.C. § 1983

The essential elements of an action brought under §1983 are:

"(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 526, 535, 101 S.Ct. 1908, 1913, 68 L.Ed2d 420 (1981).

### PLAINTIFF IS BARRED FROM THIS ACTION BY THE ROOKER-FELDMAN DOCTRINE.

In Plaintiff Geitz's Amended Complaint, he alleged that Defendant Gene Overall "deprived him of due process of Law and his constitutional right of meaningful access to the court causing him to be deprived of his state court right to the appointment of counsel on post conviction appeal." The Rooker-Feldman Doctrine bars Plaintiff from the action currently before the Court based on his having made these claims in Missouri State Court.

On June 6, 1997, the Missouri Court of Appeals remanded Plaintiff Geitz's Appeal to the St. Louis County Circuit Court for a determination as to indigency. . (Defendant Overall's Exhibit E). On September 11, 1997, Gary J. Krautmann, Legal Counsel for the St. Louis County Circuit Clerk, mailed a letter to Plaintiff Geitz with an Affidavit and Authorization for Release, which was to be completed and returned to the Circuit Court of St. Louis County. (Defendant Overall's Exhibit F). The Affidavit and Authorization for Release contained language that a determination of indigence

3

could not be found without the completed form being returned to the Court. (Defendant Overall's Exhibit F). On October 8, 1997, Gary J. Krautmann mailed a second letter to Plaintiff Geitz, requesting that he send the completed Affidavit and Authorization for Release as soon as possible. (Defendant Overall's Exhibit G). Plaintiff Geitz alleges he sent a letter to Gary Krautmann on September 16, 1997, asking ten questions about the Affidavit and Authorization for Release, such as why certain information was requested in the was needed and if it was okay if he did not provided that information sent to him, was never answered. (Defendant Overall's Exhibit A, "Plaintiff Geitz's Deposition taken on May 12, 2004, Page 62, lines 8-14"). On October 20, 1997, Plaintiff Geitz mailed a letter to Gary J. Krautmann, inquiring why he had not received a respond to his questions about the Affidavit and Authorization for Release. (Defendant Overall's Exhibit H). In response, Gary J. Krautmann mailed a letter to Plaintiff Geitz on October 27, 1997 that stated he never received a letter dated September 16, 1997. Mr. Krautmann enclosed another Affidavit and Authorization for Release and requested Plaintiff Geitz return the completed document as soon as possible or inform the court of other arrangements planned regarding counsel. (Defendant Overall's Exhibit I) Plaintiff Geitz never returned a completed Affidavit and Authorization for Release to the St. Louis County Circuit Clerk's Office as requested in letters dated September 11, 1997, October 8, 1997 and October 27, 1997. (Defendant Overall's Exhibit A, "Plaintiff Geitz's Deposition taken on May 12, 2004, Page 26, lines 8-19, Page 63, lines 6-9 and Page 65, lines 11-15"). On December   , 1997, the St. Louis County Circuit Court took judicial notice of its files and records and found Plaintiff Geitz had not responded to the request to return the completed Affidavit and Authorization for Release (questionnaire). The court did not have the information needed to make a decision of indigence. The St. Louis County Circuit Court adjudged Plaintiff Geitz not indigent and a Public Defender was not appointed. (Defendant Overall's Exhibit J). A copy of the

4

Order and Judgment finding Plaintiff Geitz not indigent was mailed to him. (Defendant Overall's Exhibit A, "Plaintiff Geitz's Deposition taken on May 12, 2004, Page 65, lines 1-9"). On December 18, 1997, the Missouri Court of Appeals issued an Order that acknowledged the St. Louis County Circuit Court Order denying Plaintiff Geitz's Motion to Proceed In Forma Pauperis and required the filing of an Appellant's Brief by January 26, 1998. (Defendant Overall's Exhibit K). On December 29, 1997, Plaintiff Geitz filed a Motion for Reconsideration of Order Denying Appellant Counsel on Direct Appeal with the Missouri Court of Appeals. In that Motion, Plaintiff Geitz raised the issue of a number of documents allegedly sent to the St. Louis County Circuit Clerk's Office on November 20, 1997, for consideration when making the determination as to indigence were never filed. (Defendant Overall's Exhibit L). In that Motion for Reconsideration, Plaintiff did not allege that he sent the questionnaire to the St. Louis County Circuit Court. Plaintiff Geitz alleged he sent a number of documents to the St. Louis County Circuit Court, on November 20, 1997, including a certified copy of his inmate trust account record for six month along with a Motion to Proceed Informa Pauperis, a Motion to Withdraw His Guilty Plea, a Motion to Reopen His Case Under Missouri Rule 29.07 and a civil complaint entitled Geitz v. Roosevelt (a lawsuit for breach of contract). (Plaintiff Geitz's Amended Complaint, Claim#1, Pg. 2). On January 21, 1998, Plaintiff Geitz filed a request for Leave to Amend Motion for Reconsideration of Order Denying Appellant Counsel on Direct Appeal with the Missouri Court of Appeals. In that Request, Plaintiff Geitz raised the issue of the documents allegedly sent to the St. Louis County Circuit Clerk's Office on November 20, 1997, for consideration when making the determination as to indigence were never filed. (Defendant Overall's Exhibit M). The Missouri Court of Appeals sent a Memorandum to Plaintiff Geitz, in accordance with Missouri Supreme Court Rule 84.05(a), that stated the Appellant's Brief was overdue on January 29, 1998. (Defendant Overall's Exhibit

5

N). This Memorandum from the Court of Appeals was issued after the filing of Plaintiff Geitz's Leave to Amend Motion for Reconsideration of Order Denying Appellant Counsel on Direct Appeal on January 21, 1998. The Memorandum further stated Plaintiff's Appeal would be dismissed if he failed to file a brief by February 13, 1998, in accordance with Missouri Supreme Court Rule 84.08. (Defendant Overall's Exhibit N). On April 8, 1998, the Missouri Court of Appeals issued a Mandate that dismissed Plaintiff Geitz's Appeal due to his failure to file an Appellant's Brief, in accordance with the order of the Court dated February 23, 1998. (Defendant Overall's Exhibit P).

The Rooker-Feldman Doctrine provides that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 149 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S.Ct. 149, (1923)). District courts may not review state court decisions, "even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486. "Federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court." Lemonds, 222 F.3d at 492 (citing 28 U.S.C.§1257; Feldman, 460 U.S. at 486). A party who is unsuccessful in state court thus, "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights. Johnson v. De Grandy, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647 (1994) (citing Feldman, 460 U.S. at 482; Rooker, 263 U.S. 416). This jurisdictional bar extends not only to "straightforward appeal but also [to] more indirect attempts by federal plaintiffs to undermine state court decisions." Lemonds, 222 F.3d at 492. Federal district courts

thus may not "exercise jurisdiction over general constitutional claims that are inextricably intertwined with specific claims already adjudicated in state court." Id. at 492-493. (citations omitted). A claim brought in federal court is inextricably intertwined with a state court judgment" if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." Id. at 493 (citing Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S.Ct. 1519 (1987) (Marshall, J., concurring)).

In the case at bar, Plaintiff Geitz is challenging the Decision of the Missouri Court of Appeals to dismiss his appeal. The Missouri Court of Appeals dismissed Plaintiff Geitz's Appeal for failure to file a brief. The Missouri Court of Appeals made its ruling after Plaintiff Gietz filed a Leave to Amend Motion for Reconsideration of Order Denying Appellant Counsel on Direct Appeal on January 21, 1998, which contained the allegations found in the Amended Complaint. The claims against Defendant Gene Overall in Plaintiff Geitz's Amended Complaint clearly fall within the Rooker-Feldman doctrine because the Court cannot adjudicate them without determining that the state court order was entered in error. If this Court grants Plaintiff the relief requested, it would be required to setting aside the state judgment or void its ruling. See Bechtold v. City of Rosemont, 104 F.3d 1062, 1065 (8th Cir. 1997).

Defendant Gene Overall's Motion for Summary Judgment should be granted because Plaintiff Geitz's claims in the Amended Complaint are barred by the Rooker-Feldman Doctrine

### V.  COLLATERAL ESTOPPEL OR ISSUE PRECLUSION

Plaintiff is asking this Court to provide relief for actions that have been litigated in the Circuit Court for St. Louis County and the Missouri Court of Appeals. All six claims in Plaintiff's Amended Complaint are contained in state actions with judgments entered. Collateral

estoppel or issue preclusion bars an individual from going to a different jurisdiction and filing suit on a previously litigated issue in the hopes of receiving a more favorable result.

The United States Constitution contains a clause meant to unify the federal and state court systems. The clause in question states, "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of each other state. And the Congress may by general laws prescribe the manner in which such acts, records, and judicial proceedings shall be proved, and the effect thereof." U.S. Const., Art. IV, §1. Congress has taken this clause from the United States Constitution and made a statute. Congress created and passed 28 U.S.C. §1738, which states in part, "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

On a number of occasions various courts including the United States Supreme Court have used the term res judicata as a general doctrine that barred an individual from filing a new cause of action. However, in recent years this practice has changed. The courts have further divided the doctrine of res judicata into two separate preclusions. In Migra v. Warren City School Dist. Bd. Of Educ., Justice Blackmun, in the opinion for the Court, explained the division of the doctrine of res judicata. 465 U.S. 75, 104 S.Ct. 892, (1984). Justice Blackmun stated,

> "Res judicata is often analyzed further to consist of two preclusion concepts: 'issue preclusion' and 'claim preclusion.' Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter

8

that never has been litigated, because of a determination that it should have been advanced in an earlier suit." 465 U.S. at 77, footnote 1 (cites omitted). Based on the definitions provided by the United States Supreme Court, Plaintiff Geitz is barred from recovering in the action at bar by collateral estoppel or issue preclusion.

The alleged constitutional violations against Defendant Overall contained in Plaintiff Geitz's Amended Complaint have been presented to the Missouri Court of Appeals and two state judges in a number of different documents. In his Leave to Amend Motion for Reconsideration of Order Denying Appellant Counsel on Direct Appeal with the Missouri Court of Appeals, Plaintiff Geitz raised the issue of the documents allegedly sent to the St. Louis County Circuit Clerk's Office on November 20, 1997, for consideration when making the determination as to indigence were never filed. (Defendant Overall's Exhibit M). However, Plaintiff's Appeal was eventually dismissed because of his failure to file a brief.

On May 2, 2001, Plaintiff Geitz mailed a letter directly to Judge Robert H. Cohen with a Motion for Reconsideration of Plaintiff Geitz's Motion to Withdraw Guilty Plea. (Defendant Overall's Exhibit U). In his Motion for Reconsideration of Plaintiff Geitz's Motion to Withdraw Guilty Plea, Plaintiff Geitz brought up the issue of the November 20, 1997 and the February 3, 1998 documents. On May 21, 2001, Judge Robert H. Cohen issued a Judgment denying Plaintiff Geitz's Motion for Reconsideration of Plaintiff Geitz's Motion to Withdraw Guilty Plea. (Defendant Overall's Exhibit V). In that Motion, Judge Cohen stated he had reviewed the files of Plaintiff Geitz before making a ruling. Therefore, he looked at the merits of Plaintiff Geitz's claims against Defendant Overall.

On November 16, 2001, in an order denying Plaintiff Geitz's Petition for Contempt Citation against Defendant Joan M. Gilmer, St. Louis County Circuit Clerk; Motion for Reconstruct Record;

Motion for Appointment of a Receiver, or a Trustee, or a Guardian Ad Litem, or for the Appointment of Counsel; and Motion for a Change of judge and on November 27, 2001, in a order denying Plaintiff's Motion to Reconsider the order of November 7, 2001, Judge Barbara W Wallace reviewed the criminal files of Plaintiff Geitz. (Defendant Overall's Exhibits Z and AA).

petition and motions filed by Plaintiff Geitz on November 7th and the Motion for Reconsideration on November 20, 1997, contained the current claims against Defendant Gene Overall. Judge Wallace looked at the merits of Plaintiff Geitz's claims against Defendant Gene Overall, then denied Plaintiff Geitz's petition and motions. It was only after the orders of November 7, 2001 and November 27, 2001, were appealed to the Missouri Court of Appeals that Judge Wallace denied Plaintiff Geitz's new motions on December 17, 2001, based on lack of jurisdiction. (Defendant Overall's Exhibit CC).

Now Plaintiff Geitz is asking this Court to allow him to recover under 42 U.S.C. §1983, §1985 and §1988 for redress of the deprivation of his civil rights, when the Missouri State Courts have ruled that no deprivation of his civil rights occurred.

In <u>Allen v. McCurry</u>, the United States Supreme Court reviewed the very issue faced by this Court in the case at bar. 449 U.S. 90, 101 S.Ct. 41 (1980). In that case Willie McCurry was charged with possession of heroin and assault with intent to kill. Id. 449 U.S. at 92. "At the pretrial suppression hearing the trial judge excluded the evidence seized from the dresser drawers and tires, but denied suppression of the evidence in plain view." Id. "McCurry was convicted of both the heroin and assault offenses." Id. Later McCurry filed a 42 U.S.§1983 action against the officers for alleged conspiracy to violate his fourth amendment rights against an unreasonable search and seizure of his home. Id. at 449 U.S. 93. The police officers filed a motion for summary judgment and the district court granted their motion. Id. The United States

10

Supreme Court granted certiorari to determine if 28 U.S.C. §1738 received less than normal issue preclusion effect in suits brought in federal court through 42 U.S.C. §1983. Id. 449 U.S. at 93-95. The Court concluded that while 42 U.S.C. §1983 created a new federal cause of action, it contains nothing about the preclusive effect of state court judgments. The Court found '...nothing in 42 U.S.C. §1983 remotely expresses any congressional intent to contravene the common law rules of preclusion or to repeal the express statutory requirements of the predecessor of 28 U.S.C. §1738." Id. 449 U.S. 97-98. The determination made by the United States Supreme Court in Allen is applicable to the case at bar. The Amended Complaint is Plaintiff Geitz seeking to have a preclusive effect on state court judgments. Collateral estoppel or issue preclusion bars Plaintiff Geitz from seek redress before this Court on state court judgments.

Defendant Gene Overall's Motion for Summary Judgment should be granted because Plaintiff Geitz's claims in the Amended Complaint are barred by collateral estoppel or issue preclusion.

## VI. RECOVERY BY PLAINTIFF GEITZ ON HIS AMENDED COMPLAINT WOULD PLACE HIS STATE CRIMINAL CONVICTIONS IN DOUBT.

Recover by Plaintiff Geitz based on the Amended Complaint would place doubt on his state criminal convictions. In the case Heck v. Humphrey, Roy Heck was convicted in Indiana of voluntary manslaughter sentence to fifteen years in state prison. 512 U.S. 477, 114 S.Ct. 2364, (1994). Mr. Heck filed a 42 U.S.C. §1983 action with the district court for compensatory and punitive monetary damages against the police department. Id. The action was for, 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and

11

caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial." Id. The 42 U.S.C. §1983 action filed by Mr. Heck did not seek injunctive relief or release from prison. Id. The United States Supreme Court found that, "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." Id 512 U.S. at 484. Mr. Heck did not allege and was unable to produce proof that his state criminal conviction was reversed. In fact, The Indiana State Supreme Court upheld his conviction. Id 114 512 U.S. at 479

The rational of the Court in the Heck case was the fact that a decision by the federal court in favor of the accused, while the state court criminal conviction has been upheld would bring the legality of that conviction into doubt. Even though Mr. Heck did not seek injunctive relief or release from custody, a decision by federal court would certainly lead to the state court being petition to reconsider the manslaughter conviction because of a constitutional right violation. The Court in Heck ruled,

> "A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id 512 U.S. at 487

In the case at bar, Plaintiff Geitz has not proved that his Missouri State Court criminal convictions were invalidated. To the contrary, Plaintiff alleged that his criminal convictions are still valid only because of the actions of Defendant Gene Overall. (Plaintiff Geitz's Amended

12

Complaint, Claim#2, Pg. 4). Plaintiff Geitz made these allegations even though the Missouri State Courts have ruled against him on these issues. If this Court were to allow the Plaintiff to proceed with his Amended Complaint, the legality of his state criminal conviction would be placed in doubt.

Defendant Gene Overall's Motion for Summary Judgment should be granted because the recover of damages by Plaintiff Geitz on his Amended Complaint would place the legality of his state court criminal convictions in doubt.

## VII. PLAINTIFF GEITZ DOES NOT MEET THE REQUIREMENTS FOR AN ACCESS-TO-COURTS CLAIM.

"To succeed in an access-to-courts claim, a plaintiff must demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded, and that he has suffered an actual injury." Moore v. Plaster, 266 F.3d 928, 933 (8th Cir. 2001) (citations omitted). Plaintiff has not provided facts that meet the elements of an access-to-courts claim.

Plaintiff Geitz's Amended Complaint alleged Defendant Overall refused to answer questions about the questionnaire he was to complete and return to the St. Louis County Circuit Clerk; that documents sent to the St. Louis County Circuit Clerk's Office were not filed; that a secret hearing was held on December 12, 1997, to determine the question of indigence without notifying Plaintiff; and that Defendant Overall failed to notify Plaintiff timely that his Motion for Reconsideration was denied. Plaintiff further claimed Defendant Overall ignored his request for a copy of the legal file for the appeal causing every motion he filed with the Missouri Court of Appeals to be denied. Plaintiff Geitz that he resubmitted all of the documents of November 20, 1997, on February 3, 1998, but Defendant Overall failed to file them or sent notice to Plaintiff of their filing. Plaintiff claimed Defendant Overall deprived him of his state court right to appeal the

13

denial of his petition for post-conviction relief. Finally, Plaintiff Geitz alleged that his lawsuit against his post conviction attorney Greg Roosevelt was destroyed because of Defendant Gene Overall's failure to file the documents sent on November 20, 1997 and February 3, 1998.

On September 11, 1997, and again on October 27, 1997, Gary J. Krautmann, Legal Counsel for the St. Louis County Circuit Clerk, mailed a letter to Plaintiff Geitz with an Affidavit and Authorization for Release that included language explaining a determination that a person is indigent could not be found without the completed form being returned to the Court, to be completed and returned to the Circuit Court of St. Louis County. (Defendant Overall's Exhibit F and I). Plaintiff Geitz never returned a completed Affidavit and Authorization for Release to the St. Louis County Circuit Clerk's Office as requested. (Defendant Overall's Exhibit A, "Plaintiff Geitz's Deposition taken on May 12, 2004, Page 26, lines 8-19, Page 63, lines 6-9 and Page 65, lines 11-15"). On December 11, 1997, the Court, taking judicial notice of its files and records determined Plaintiff Geitz not indigent because of his failure to provided the requested questionnaire. (Defendant Overall's Exhibit J). On December 18, 1997, the Missouri Court of Appeals issued an Order that acknowledged the St. Louis County Circuit Court Order denying Plaintiff Geitz's Motion to Proceed In Forma Paperis and required the filing of an Appellant's Brief by January 26, 1998. (Defendant Overall's Exhibit K). Plaintiff Geitz filed a Motion for Reconsideration of Order Denying Appellant Counsel on Direct Appeal on December 29, 1997, with the Missouri Court of Appeals. In that Motion, Plaintiff Geitz raised the issue of a number of documents allegedly sent to the St. Louis County Circuit Clerk's Office on November 20, 1997, to be considered when making the determination as to indigence were never filed. (Defendant Overall's Exhibit L). Plaintiff Geitz failed to file a brief with the Missouri Court of Appeals and his Appeal was dismissed on April 8, 1998. (Defendant Overall's Exhibit P).

Plaintiff Geitz has not shown that his nonfrivolous legal claims were frustrated or impeded. The St. Louis County Circuit Court order of December 11, 1997, finding Plaintiff not indigent resulted from Plaintiff's failure to comply with the request of the court. (Defendant Overall's Exhibit J). Less than a month after the determination of not indigent, Plaintiff filed a Motion for Reconsideration of that determination with the Missouri Court of Appeals. Moreover, the documents Plaintiff Geitz allegedly sent to the St. Louis County Circuit Clerk on February 3, 1998, was after St. Louis County Circuit Court had lost jurisdiction over the criminal appeal. In fact, the statement that Defendant Overall failure to notify Plaintiff that his Motion for Reconsideration impeded his post conviction appeal is false because the same motion was filed with the Missouri Court of Appeals, which had jurisdiction over Plaintiff's Appeal. Finally, Plaintiff Geitz has not showed has not alleged he was barred from re-filing a lawsuit against Gregory Roosevelt.

Defendant Gene Overall's Motion for Summary Judgment should be granted because Plaintiff failed to meet the elements of an access-to-courts claim in the Amended Complaint.

## VIII. CONCLUSION

Plaintiff Geitz failed to present any genuine issues of material fact in his Amended Complaint against Defendant Gene Overall. The claims against Defendant Overall are barred by the Rooker-Feldman Doctrine; barred by collateral estoppel or issue preclusion; would place the legality of his state court criminal convictions in doubt if damages were awarded; and failed to meet the elements of an access-to-courts claim.

WHEREFORE, Defendant Gene Overall asks that his Motion for Summary Judgment be granted with cost assessed against the Plaintiff and for such other relief as the Court deems appropriate in this matter.

PATRICIA REDINGTON
ST. LOUIS COUNTY COUNSELOR

/s/ Cassandra E. Johnson
_____
Assistant County Counselor #83129
41 S. Central Avenue, 9th Floor
Clayton, MO 63105
(314) 615-7042    Fax # (314) 615-3732
Counsel for Defendants Overall and Gilmer

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th of June, 2004, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Michael R. Annis
Laclede Gas Building
720 Olive Street, Ste. 2400
St. Louis, MO 63101
Attorney for Plaintiff James B. Geitz

Denise G. McElvein, Esq.
Assistant Attorney General
Laclede Gas Building
720 Olive Street, Ste. 2150
St. Louis, MO 63101
Attorney for Defendant Terry Barnes

Deborah Bell Yates, Esq.
Assistant Attorney General
Laclede Gas Building
720 Olive Street, Ste. 1950
St. Louis, MO 63101
Attorney for Defendant Deirdre O'Meara Smith

/s/ Cassandra E. Johnson
_____

16