UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES B. GEITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:02CV01114 ERW |
| | ) |
| TERRY BARNES,[1] | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

This matter comes before the Court upon Plaintiff's Motion in Limine [doc. #161], Defendant Barnes's Motion in Limine [doc. #162], and Defendant Barnes's Motion to Strike Witness [doc. #170]. In their Motions, the parties make numerous requests. After taking into consideration the representations made by counsel at the pretrial conference, counsel's efforts to narrow the applicable issues, and the arguments made during that proceeding, the Court has determined as follows:

First, Plaintiff makes certain requests related to his prior criminal conduct. Pursuant to Federal Rule of Evidence 609 and for the purpose of attacking a witness's credibility, "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted." F.R.E. 609(a)(1). Pursuant to Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." F.R.E. 403. A "'trial judge has discretion under Rule 403 to limit inquiry into past convictions, and in an appropriate case might exclude the names of the specific

---

[1] Defendant Terry Barnes is the only remaining defendant in this case.

1

crimes under Rule 403.'" *Foulk v. Charrier*, 262 F.3d 687, 699 (8th Cir. 2001) (quoting *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993)). In exercising this discretion, the Court should weigh the probative value of the convictions against the potential for prejudice. *See Foulk*, 262 F.3d at 700 (district court performed this duty and did not abuse discretion in excluding evidence regarding specific nature of witness's prior felonies).

The Court finds that Plaintiff's past criminal conduct is probative of his credibility, but that inquiry into his past criminal conduct must be appropriately limited to guard against the potential for prejudice, as described in *Foulk*. Therefore, during voir dire and opening statements, it will be permissible to state that Plaintiff has been convicted of a felony offense and is currently serving his sentence at the Moberly Correctional facility. Further, in accordance with Rule 609, no evidence of any offense more than ten years old from "the date of conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date," will be admitted. F.R.E. 609(b). Finally, evidence of the specific nature of Plaintiff's prior felonies, including the name of the prior convictions and where they occurred, will be excluded. Inquiry into Plaintiff's prior criminal conduct will be limited to evidence of the number of Plaintiff's prior felonies and the length of any sentences imposed. The Court will rule issues of Plaintiff's Missouri Department of Corrections Disciplinary Record, behavioral misconduct, and Illinois correctional system incarceration at trial. However, these issues should not be injected into the case before the matters are raised *in camera* and a ruling is made.

Second, Plaintiff has made requests related to the fact that he has filed civil lawsuits other than the one at issue here. After considering the arguments made by the parties, the Court will exclude evidence that Plaintiff has filed other civil lawsuits, references that Plaintiff is a "jailhouse lawyer,"

evidence of other unrelated civil lawsuits maintained or filed by Plaintiff, evidence that Plaintiff has obtained degrees or certifications as a paralegal, and evidence that Plaintiff represents other inmates in grievance or other proceedings within the Missouri Department of Corrections. None of this evidence is relevant to the issues before the jury in this case.

Third, Plaintiff requests that the testimony of Tom Clements, James Gammon, Lisa Falkiner, Ralph Foster, Sherry Blattel-Dunseith, Tom Anderson, and Teresa Thornberg be excluded. Plaintiff has failed to demonstrate that testimony from these witnesses should be excluded, and his request will be denied at this time.[2]

Finally, Defendant Barnes requests that Plaintiff's witness Phillip Ruth be stricken. Because Plaintiff has failed to demonstrate that Phillip Ruth can offer any evidence relevant to the issues in this case, Defendant Barnes's request will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine [doc. #161] is **GRANTED**, **in part**, and **DENIED**, **in part**. During voir dire and opening statements, it will be permissible to state that Plaintiff has been convicted of a felony offense and is currently serving his sentence at the Moberly Correctional facility. The Court will attempt to locate clothing for Plaintiff, and Plaintiff shall be seated and restrained as explained by the Court during the pretrial conference. The following evidence shall not be admitted: (1) any offense more than ten years old from the date of conviction or of the release of the witness from that conviction; (2) the specific nature of Plaintiff's prior

---

[2]In addition to the items enumerated here, Plaintiff has made other requests which are addressed in the Court's specific orders below.

felonies, including the name of the prior convictions and where they occurred; (3) other unrelated civil lawsuits maintained or filed by Plaintiff; (4) that Plaintiff has obtained degrees or certifications as a paralegal; (5) that Plaintiff represents other inmates; (6) that Plaintiff is a "jailhouse lawyer;" (7) Plaintiff's purchase of adult periodicals; (8) Gene Overall's Exhibit A through HH; (9) attempts to compromise or settle; and (10) testimony of persons not previously identified as witnesses.

**IT IS FURTHER ORDERED** that Defendant Barnes's Motion in Limine [doc. #162] is **CONFESSED**, **in part**. The parties agree that no evidence regarding other civil suits against Defendant Barnes and no testimony of the financial disparity between the parties will be introduced. The parties further agree that any further issues relating to Defendant Barnes's Motion in Limine can be addressed at trial.

**IT IS FURTHER ORDERED** that Defendant Barnes's Motion to Strike Witness [doc. #170] is **GRANTED**. Phillip Ruth will not be permitted to testify at trial.

Dated this 9th day of September, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE